UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELLY POLANCO on behalf of herself and all
others similarly situated,

                      Plaintiff,

        v.

SRAH BAKERY, INC. d/b/a STRAUSS
BAKERY and ELLIOT BERMAN,

                  Defendants.

**CLASS AND COLLECTIVE
ACTION COMPLAINT AND
JURY DEMAND**

Plaintiff Kelly Polanco ( "Plaintiff"), on behalf of herself and all other similarly-situated individuals, by and through her undersigned counsel, The Law Offices of Jeffrey E. Goldman, respectfully allege as follows:

**NATURE OF THIS ACTION**

1.      Defendants SRAH Bakery, Inc. ("SRAH") and Elliot Berman ("Berman"), own and operate Strauss Bakery ("the Bakery"), a large, "nationally recognized and respected" bakery located in the Borough Park section of Brooklyn, New York. **Exhibit 1** ("Defendants' website")

2.      The Bakery is managed on a day-to-day basis by the owner and Chief Executive Officer Elliot Berman.

3.      In violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Defendants SRAH and Berman (hereinafter collectively referred to as "Defendants") failed to pay Plaintiff, and similarly-situated employees, for overtime hours they worked, spread of hours pay, and at all times relevant to this lawsuit, failed to provide Plaintiffs, and similarly-situated employees, with proper wage notices and paystubs.

4.      In violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Defendants misclassified Plaintiff, and similarly-situated employees.

### JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

### THE PARTIES

#### The Plaintiff

7.      Plaintiff Kelly Polanco ("Polanco"), is employed by Defendants as a full-time laborer since 2015.  Copies of Plaintiff Polanco's paystubs are attached hereto as "**Exhibit 2**."

#### The Defendants

##### The Bakery

8.      Defendant SRAH Bakery Inc d/b/a Strauss Bakery ("SRAH") is a New York corporation with a Principal Executive Office located at 1430 37th Street in Brooklyn.

9.      Defendant SRAH has a retail location at 5115-13th Avenue in Brooklyn.

10.      Defendant SRAH has a wholesale location at 1430-37th Street in Brooklyn.

11.      Defendant SRAH has annual gross sales in excess of $500,000.

12.      Defendant SRAH is an employer within the meaning of the FLSA and the NYLL.

13.     Defendant SRAH appears on all of Plaintiff's paychecks. **Exhibit 3** ("Plaintiff's Paycheck")

<u>Elliot Berman</u>

14.     Defendant Elliot Berman ("Berman") is the owner and Chief Executive Officer of SRAH Bakery, Inc.  As such, he has ultimate authority over employees' rates of pay, scheduling, hiring and firing, and maintenance of employment records.

15.     At all times relevant to this lawsuit Defendant Berman had the power to hire and fire employees, set employee wages, retain time and/or payroll records, and otherwise control the terms and conditions of Plaintiff's employment.

16.     Defendant Berman is an employer within the meaning of the NYLL.

## FACTS

17.     Defendants committed the following acts knowingly, intentionally, and willfully.

18.     Defendants knew that the nonpayment of minimum wage, nonpayment of overtime, insufficient payment of overtime, and misclassification would economically injure Plaintiff, the FLSA Collective Plaintiffs, Class Members and violate federal and state laws.

19.     Plaintiff, FLSA Collective Plaintiffs, and Class Members often worked overtime.

20.     Plaintiff, FLSA Collective Plaintiffs, and Class Members often worked more than 10 hours in a single day.

21.     Plaintiff works between (50) and (56) hours per week at the Bakery.

22.     Defendants pay Plaintiff a total salary of $535.00 per week of which $135.00 is paid to Plaintiff in cash.

23.     The cash payment represents Plaintiff's compensation for working (10) hours of overtime at the rate of $13.50 per hour.

3

24.     Defendants misclassified Plaintiff, FLSA Collective Plaintiffs, and the Class Members by paying them a salary when they should have paid them an hourly wage.

25.     Plaintiff, FLSA Collective Plaintiffs, and the Class Members are laborers and are not statutorily exempt from the overtime requirements of the FLSA and the NYLL.

26.     Defendants never paid the proper overtime premium to Plaintiff, FLSA Collective Plaintiffs, and the Class Members.

27.     Defendants never paid Plaintiff, FLSA Collective Plaintiffs, and the Class Members spread of hours when they worked (10) hours in a single day.

28.     Defendants did not give Plaintiffs and the Class Members proper notices of their wages and applicable overtime premium at the time they were hired or when their wages increased, as required by NYLL § 195(1).

29.     Defendants did not give Plaintiff and the Class Members proper notices of spread of hours and the proper overtime pay, as required by NYLL § 195(3).

## FLSA COLLECTIVE ALLEGATIONS

30.     Plaintiff brings Counts 1, 2, and 3 as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after April of 2015 ("FLSA Collective Plaintiffs").

31.     At all relevant times Plaintiff, and the members of the FLSA Collective, are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them overtime for work in excess of forty (40) hours per workweek.  The claims of Plaintiff, stated herein, are essentially the same as those of the other FLSA Collective Plaintiffs.

4

32.    Counts 1,2, and 3 are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## NYLL CLASS ALLEGATIONS

33.    Plaintiff brings Counts 4, 5, 6, 7, and 8 individually, and as representative of a Class, under CPLR Article 9 consisting of all individuals employed by Defendants ("Class") on or after April of 2012 through entry of judgment in this case ("Class Period").

34.    The Class is so numerous that joinder of all Class members is impracticable.  Although the precise number of such persons is unknown and within the sole knowledge of Defendants, Plaintiff estimates that the Class exceeds 40 members.  The Class is sufficiently numerous to warrant certification.

35.    The members of the Class are readily ascertainable.  The number and identity of the Class members are determinable from Defendants' records.  The hours assigned and worked, positions held, and rates of pay for each Class member are also determinable from Defendants' records.  For notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the Class members by first class mail to the last address known to Defendants or by posting signs in the workplace.

36.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which could be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate

practices of Defendants, as alleged herein, of misclassification, failing to pay minimum wage, failing to pay overtime, failing to pay spread of hours, and failing to issue proper notices and wage statements.   Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

37.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

38.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class actual would result in a significant saving of these costs.  The prosecutor of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

39. The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual members, and include, *inter alia*:

   a. Whether Plaintiff, and similarly-situated employees, were misclassified and paid a salary when they should have been paid hourly wages;

   b. Whether Plaintiff, and similarly-situated employees, were not paid the minimum wage;

   c. Whether Plaintiff, and similarly-situated employees, were not paid the overtime premium for every hour worked in excess of (40) in a single workweek;

   d. Whether Plaintiff, and similarly-situated employees, were not paid spread of hours;

   e. Whether Defendants failed to provide proper notices and adequate wage statements;

   f. Whether Defendants failed to provide paystubs that accurately reflected all hours worked by Plaintiff, and similarly-situated employees;

40. The members of the NYLL Class are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, positions held, and rates of pay for each Class member are also determinable from

Defendants' records.  For notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the Class members by first class mail to the last address known to Defendants or by posting signs in the workplace.

## COUNT 1
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of**
**Herself and the FLSA Collective Plaintiffs Against all Defendants)**

41.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

42.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs, and the members of the FLSA Collective, the full federal minimum wage for each hour worked.

43.     At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff, and the FLSA Collective Plaintiffs, the full federal minimum wage for each hour worked.

44.     Defendants illegally paid Plaintiff a salary of $535.00 per week which means she was, and is, being paid less than minimum wage.  She was paid $400.00 in "salary" and an additional $135.00 in cash.

45.     Defendant's unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three year statute of limitations applies.

46.     Plaintiff, on behalf of herself and the members of the FLSA Collective, seek damages in the amount of their respective unpaid minimum wage compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 2
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought by Plaintiff on Behalf of
### Herself and the FLSA Collective Plaintiffs Against all Defendants)

47.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

49.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at one and one-half times their hourly wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

50.     Plaintiff works between (50) and (56) hours per week and is paid a salary of $535.00 per week.

51.     Defendants have never paid Plaintiff the correct overtime premium for hours worked in excess of (40) in a single workweek.

52.     Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three year statute of limitations applies.

53.     Plaintiff, on behalf of herself and the members of the FLSA Collective, seek damages in the amount of their respective unpaid minimum wage compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 3
### (FLSA Misclassification, 29 U.S.C. §§ 201, *et seq.*)
### (Brought by Plaintiff on Behalf of
### Herself and the FLSA Collective Plaintiffs Against all Defendants)

54.     Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55.      Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and were paid a salary.

56.     Plaintiff and the FLSA Collective Plaintiffs are not statutorily exempt employees under the provisions of the FLSA and Defendants should have paid them hourly wages and overtime premiums for all hours worked in excess of (40) hours per week.

57.     Plaintiff is paid $535.00 per week for all hours worked.

58.     Plaintiff, on behalf of herself and the members of the FLSA Collective, seek damages in the amount of their respective unpaid minimum wage compensation, unpaid overtime compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 4
### (New York Minimum Wage Violations, NYLL §§ 652 *et seq.*)
### (Brought by Plaintiff on Behalf of the Class Against All Defendants)

59.     Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60.     At all relevant times, Defendants failed to pay minimum wage because they paid Plaintiff $535.00 per week when she worked between (50) and (56) hours per week.

61.     As a result of Defendant's unlawful conduct, Plaintiff, and the Class, were paid wages less than minimum wage in violation of § 652 of the NYLL.

62.     Defendants willfully and intentionally violated § 652 of the NYLL, and accordingly, a six year statute of limitations is applicable.

63.     As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the Class members, are entitled to damages in an amount to be determined at trial, liquidated (double) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 5
**(New York Overtime Violations, NYLL §§ 650 *et seq.*)**
**(N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**(Brought by Plaintiff on Behalf of the Class Against All Defendants)**

64.     Plaintiff, on behalf of herself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65.     At all relevant times, Defendants knowingly failed to pay Plaintiff and the members of the Class the full New York overtime rate per hour of one and a half times their hourly wage for work in excess of forty (40) hours per workweek, failed to pay when an employee worked more than forty (40) hours a week, and willfully failing to keep records required by New York law even though the NYLL Class members have been and are entitled to overtime.

66.     As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the Class members, are entitled to damages in an amount to be determined at trial, liquidated (double) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

### COUNT6
### (Spread of Hours Violations, NYLL §§ 190 *et seq.* and 650 *et seq.*)
### (12 NYCRR § 137-1.7 and 137-3.11)
### (Brought by Plaintiff on Behalf of the Class Against All Defendants)

67.     Plaintiff, on behalf of herself and all those similarly situated, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

68.     Defendants failed to pay Plaintiff and Class members one additional hour's pay at the minimum wage rate for each day Plaintiff's hours exceed ten hours of work.

69.     Plaintiff and Class members regularly work more than 10 hours in a day.

70.     Defendants' failure to pay "spread of hours" pay was willful.

71.     As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiff and the Class members, for damages in an amount to be determined at trial, liquidated (double) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

### COUNT 7
### (New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)
### (Brought by Plaintiff On Behalf of the Class Against All Defendants)

72.     Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

73.     Defendants failed to provide Plaintiff and the members of the Class with wage notices at the time they were hired and each time their wages increased as required by NYLL § 195(1).

74.     Defendants failure to provide wage notices was willful.

75.     As a result of Defendants' unlawful conduct, Defendants are liable to each Plaintiff and Class member in the amount of $5,000, pursuant to NYLL § 198 (1-b), along with costs and attorneys' fees.

**COUNT 8**
**(New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)**
**(Brought by Plaintiff on Behalf of the Class Against All Defendants)**

76.     Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

77.     Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

78.     Defendants issued wage statements containing numerous inaccuracies including failure to specify wages, hours worked, overtime premiums, and spread of hours contrary to the requirements of NYLL § 195(3).  Further, the wage statements list "salary" which is a violation of the law as a laborer.

79.     Defendants failed to include spread of hours on the wage statements every time Plaintiff, and the members of the Class, worked more than 10 hours in one day.

80.     Defendants failure to provide adequate wage statements was willful.

81.     As a result of Defendants' unlawful conduct, Defendants are liable to each Plaintiff and Class member in the amount of $5,000, pursuant to NYLL § 198 (1-d), along with costs and attorneys' fees.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and those similarly situated, respectfully request the following relief:

A.     Designation of this action as a collective action on behalf of the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

C.     Certification of this action as a class action; individuals employed by Defendants as laborers on or after April, 2012;

D.     An award of damages, including back wages, overtime and other unpaid wages, according to proof, to be paid by Defendants;

E.     Penalties available under applicable laws;

F.     Liquidated damages;

G.     Civil penalties under § 198 (1-b) for each violation and for each named Plaintiff and Class members, in an amount to be determined at trial;

H.     Civil penalties under § 198(1-d) for each violation and for each named Plaintiff and Class members, in an amount to be determined at trial;

I.     Pre-judgment and post-judgment interest;

J.     Attorneys' fees and costs; and

K.     Such other relief as the Court sees fit to award.

## DEMAND FOR JURY TRIAL

A jury trial is requested on all claims alleged herein.

Dated:  New York, NY
        April 30, 2018

                           /s/ Jeffrey Goldman

By:_____

       Jeffrey E. Goldman, Esq.
       Thomas H. Andrykovitz, Esq.
       THE LAW OFFICES OF JEFFREY E. GOLDMAN
       501 Fifth Ave., Suite 1900
       New York, NY  10017
       T: 212-983-8999
       F: 646-693-2289
       *Attorneys for Plaintiffs*