UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KELLY POLANCO, ANA MENDEZ, and       :
ADELINA MELARA on behalf of themselves :
and all others similarly situated,                   :
                                                                      :
                                                                      :       **FINAL APPROVAL ORDER**
                            Plaintiff,                           :
                                                                      :       18-cv-02530 (BMC)
              -against-                                       :
                                                                      :
SRAH BAKERY, INC. d/b/a STRAUSS     :
BAKERY, G.E.S. BAKERY, INC., TZVI      :
GOLDSTEIN, and ELLIOT BERMAN,    :
                                                                      :
                            Defendants.                      :
------------------------------------------------------------ X

This matter comes before the Court on the request of plaintiffs Kelly Polanco, Ana Mendez, and Adelina Melara, and a class of persons similarly situated who have not opted out of the class (collectively, "Class Members"), without opposition from defendant, for final approval of the Settlement Agreement dated February 8, 2019 (the "Settlement Agreement").

The Fairness Hearing was held before the Court on the 12th day of November, 2019, and the Court carefully considered the following: (i) the Settlement Agreement and all the papers attached thereto filed by Class Counsel; (ii) the Memorandum and the declarations submitted in support of the application for entry on this Final Approval of Class and Collective Action Settlement; (iii) the oral arguments of counsel present to the Court; and (iv) all papers filed and proceedings had herein.  The Court finds the following:

1.    On February 13, 2019, the Court certified this case as a class action for settlement purposes, approved plaintiffs as settlement class representatives, and plaintiffs' attorney as Class counsel.  See ECF 74.  As set forth in the Preliminary Approval Order, pursuant to Fed. R. Civ. P. 23(b)(3), the Settlement Class was preliminarily certified for purposes of final settlement.

2.     The Preliminary Approval Order defined the Settlement Class as "all persons who work or worked at Srah Bakery, Inc. d/b/a Strauss Bakery as Hourly Employees between April 30, 2012 and January 26, 2019."

3.     Pursuant to the Preliminary Approval Order, Notice was mailed to approximately 85 persons falling within the description of the Class as described above.  Class Counsel has reported that none of the people who received the notice chose to opt out of the class.

4.     Plaintiffs now request, and defendants do not oppose, final approval of the Settlement.

**IT IS HEREBY ORDERED**:

i.     <u>Granting of Motion for Final Approval</u>.  Final approval of the proposed settlement is GRANTED with the following condition: defendants shall fully fund the Qualified Settlement Fund ("QSF") within 40 days of this order.

ii.    <u>Objections</u>.   There were no objections timely or otherwise to the Settlement Agreement.

iii.   <u>Notice</u>.  The Court finds that the distribution of the Notice and posting of an explanatory notice, as provided for in the Preliminary Approval Order, accurately informed all the persons within the definition of the class of the material elements of the Settlement; fully complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances to all persons within the definition of the class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

iv.    <u>Releases</u>.  The full terms of the release are set forth in the Settlement

Agreement and are specifically approved and incorporated herein by this reference.

      v.      <u>Final Approval</u>.  The Court finds the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Settlement Agreement was negotiated over a period of several months at arm's length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risk inherent in litigating the action, and with the active involvement of the parties.  Moreover, the Settlement Agreement confers substantial benefits on the Class Members, is not contrary to public policy, and will provide the parties with repose from litigation.  The parties faced significant risks, expenses, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court also considered whether defendants could withstand a greater judgment.  Given that some plaintiffs, including two of the three named plaintiffs still work for defendants, the Court carefully weighed this factor.

Having considered the foregoing matters, the Court provides final approval of the Settlement, conditioned upon it being fully funded by defendants within 40 days of this order, and directs that the parties implement it, as follows:

      a.      The parties are directed to implement the Settlement in accordance with its terms.

      b.      There being approximately 85 class members as of the date of this Order, pursuant to the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all released claims against defendants.

      c.      The Court approves the reimbursement of litigation expenses in the amount of $3,508.56 to Class Counsel.

      d. The Court approves an award of attorneys' fees in the amount of $181,666.66.

      e. The Court authorizes the payment of the claims administrators' fees of $9,500.

      f. The Court approves service award payments of $5,000.00 to named plaintiffs Kelly Polanco, Ana Mendez, and Adelina Melara.

      g. The Court approves the service award payments of $1,500.00 to Opt-in Claimants Minerva Mendoza, Jose Zepeda, Dina Velasquez, Geronimo Sohom, Carmen Rosales, and Briselda Sosa.

 Pursuant to the terms of the Settlement Agreement and this Order, the Court dismisses this action with prejudice. The Court retains jurisdiction to enforce the Settlement Agreement.

 **SO ORDERED.**

                             _____

                                 U.S.D.J.

Dated: Brooklyn, New York
    November 13, 2019